IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01308-NRN

MOHAMMAD RAFI SEDIQI,

      Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Detention Facility Processing Center;
ROBERT GUADIAN, Field Officer Director, Denver Field Office, Immigrations and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as Secretary of U.S. Department of Homeland Security;
TODD LYONS, Acting Director of U.S. Immigrations and Customs Enforcement; and
TODD BLANCHE, Acting U.S. Attorney General,

      Respondents.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

      This case is before the Court on Tomas Nicolas Diego's ("Petitioner") Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. 1.

      Petitioner is a detainee at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 1. Petitioner contends that his continued detention by U.S. Immigration and Customs Enforcement ("ICE") violates 8 U.S.C. § 1231(a) and his due process rights under the standards prescribed in *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his removal is not likely to occur in the reasonably foreseeable future. Petitioner thus seeks immediate release or, in the alternative, a "bond hearing" on his continued detention within five days. *Id.* at 14.

Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons set forth below, the Court **GRANTS IN PART** the Petition and **ORDERS** Respondents to immediately release Petitioner from immigration detention.

## I.    BACKGROUND

Petitioner is a 26-year-old citizen of Afghanistan who entered the United States without inspection on July 24, 2024, and was not admitted or paroled into the U.S. ECF No. 1 ¶ ¶ 17–20. Petitioner received a Notice to Appear ("NTA"), initiating removal proceedings, on October 2, 2024. *Id.* ¶ 20. The NTA charged Petitioner with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), because he was present in the United States without being admitted or paroled, and 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document. *Id.*

On July 29, 2025, an Immigration Judge denied Petitioner's request for asylum and protection from removal and ordered him removed to Afghanistan. *Id.* ¶ 25. On August 28, 2025, the Immigration Judge's decision became final, as no appeal was taken. *Id.* ¶ 26. ECF No. 10-1 ("Nissen Decl.") ¶ 15.

On November 13, 2026, ICE submitted a letter of removal or transportation to the U.S. Mission to Afghanistan in Doha, Qatar, for transmittal to the government of Afghanistan. *Id.* ¶ 19. ICE is required to work through the U.S. Mission to Afghanistan regarding all removal efforts to Afghanistan. *Id.*

2

On December 4, 2025, ICE conducted a post-order custody review for Petitioner pursuant to 8 C.F.R. § 241.4. *Id.* ¶ 21. ICE determined that Petitioner did not satisfy the criteria for release and, expecting to remove Petitioner in the reasonably foreseeable future, continued to detain Petitioner. *Id.* ¶ 21. On December 9, 2025, ICE conducted a personal interview of Petitioner. At the conclusion of the interview, the panel recommended that Petitioner remain in custody. *Id.* ¶ 22.

Petitioner has remained continuously in immigration custody since his entry into the United States and continues to be detained at the present date. Petitioner has been detained for a period of twenty months total, including more than seven months after his removal order became final.

Respondents state that "ICE has not yet received a travel document for Petitioner or an adjudication of the letter of removal or transportation," and that "ICE continues to pursue Petitioner's removal to Afghanistan." ECF No. 10 at 3.

## II.    LEGAL STANDARD

When a noncitizen is ordered removed from the United States, removal should normally be effectuated within a period of 90 days, referred to as the "removal period." 8 U.S.C. § 1231(a)(1); *see also Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1123 (10th Cir. 2005). Detention is mandatory during that time. 8 U.S.C. § 1231(a)(2)(A). After the removal period has expired, the noncitizen "may be detained." 8 U.S.C. § 1231(a)(6). In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court considered whether this language permitted indefinite detention. The Court noted that, "while 'may' suggests discretion, it does not necessarily suggest unlimited discretion. *Zadvydas*, 533 U.S. at 697. The Court observed that there would be a "serious constitutional problem" if the

3

government could detain noncitizens "indefinite[ly]," *id.* at 692. Additionally, the Court observed that:

> The Fifth Amendment's Due Process Clause forbids the Government to "depriv[e]" any "person...of...liberty...without due process of law." Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.

*Id.* at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). The Court "interpret[ed] the statute to avoid a serious constitutional threat" and "conclude[d] that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The Court held that it is presumptively reasonable to detain a noncitizen for six months to effectuate removal. *Id.* at 701. After six months, the noncitizen challenging detention bears the initial burden to "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Once the noncitizen does so, "the Government must respond with evidence sufficient to rebut that showing." *Id.* If the government meets its burden, continued detention is permitted; however, if the government fails to demonstrate a significant likelihood of removal in the reasonably foreseeable future, the noncitizen must be released. *Id.*; *see also Ahrach v. Baltazar*, No. 25-cv-03195-PAB, 2025 WL 3227529, at *2 (D. Colo. Nov. 19, 2025) (citing *Zadvydas*, 533 U.S. at 701); *Tran v. Baltazar*, No. 26-cv-00940-CNS, 2026 WL 764002 (D. Colo. Mar. 18, 2026).

### III.    ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the

burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

### a.  Constitutionality of Continued Detention under *Zadvydas*

Petitioner has been detained for over seven months since his removal order became final on August 28, 2025. Thus, the presumptively reasonable six-month timeframe for effectuating her removal under *Zadvydas* has expired.

Petitioner contends that "Respondents have failed to effectuate the removal of many other similarly situated natives and citizens of Afghanistan due to the current status of diplomatic relations or lack of effective repatriation arrangements between the United States and Afghanistan." ECF No. 1 ¶ 37. Petitioner further states that "[t]o date, ICE has not provided Petitioner with any written documentation regarding whether his removal to Afghanistan is feasible, which countries the agency has contacted for alternative removal, or otherwise updated Petitioner on the status of its efforts and actions." *Id.* ¶ 38. He argues, "the lack of transparency in ICE's attempts to remove Petitioner have led him to believe that he will not be removed any time soon, and consequently he remains detained while suffering physically and emotionally." *Id.* ¶ 40. Respondents do not rebut these assertions. Thus, the Court has good reason to believe that Petitioner will not be removed in the reasonably foreseeable future. Therefore, the burden shifts to respondents to present sufficient evidence to show that removal is likely. *Zadvydas*, 533 U.S. at 701.

Respondents admit that "ICE has not yet received a travel document for Petitioner or an adjudication of the letter of removal or transportation" *Id.* at 3. Indeed, Respondents appear to concede that they are unable to meet their burden:

5

At this time, after reviewing Petitioner's case, other than the details recounted above, Respondents do not have additional information to present to the Court concerning the likelihood of Petitioner's removal to Afghanistan.

*Id.* at 6. The fact that "ICE continues to pursue Petitioner's removal to Afghanistan," *id.* at 3, does not rebut Petitioner's belief that removal is not likely in the reasonably foreseeable future. *See Ahrach*, 2025 WL 3227529, at *4 ("*Zadvydas* rejected the proposition that continued detention is permissible 'as long as good faith efforts to effectuate . . . deportation continue.' . . . Instead, the government must actually make legitimate progress towards removal.") (citing *Zadvydas*, 533 U.S. at 702).

Accordingly, because Respondents have failed to rebut Petitioner's showing that he has good reason to believe removal is not likely in the reasonably foreseeable future, and because Petitioner has been in post-removal detention for over seven months, the Court finds that his continued detention contravenes *Zadvydys*.[1]

### b. Attorney Fees

Lastly, Petitioner requests attorney fees and costs. ECF No. 1 at 14. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the Petitioner chooses to file a motion for attorney fees, it

---

[1] Because the Court's ruling affords Petitioner the relief he seeks, the Court need not address Petitioner's remaining arguments at this time. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

must comply with all applicable rules and provide legal authority for the request. *See*

*L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

### IV.    CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** Petitioner's Verified Petition for Writ of Habeas Corpus, ECF No. 1. Respondents are **ORDERED** to release Petitioner from custody immediately, but no later than within 24 hours of this Order, subject to reasonable conditions set by Respondents.

Additionally, Respondents **SHALL FILE** a status report within **TWO (2) DAYS** of this Order certifying compliance.


Dated: April 13, 2026


BY THE COURT:


N. Reid Neureiter
United States Magistrate Judge